# *Ex parte* Shortridge.

### *Petition for Habeas Corpus.*

1. *Hire of convicts to hard labor; authority therefor; habeas corpus.*—
Where under an order of the court of county commissioners, made
at the February term, 1895 (which was the first term of that year)
authorizing the probate judge of said county to hire out the county con-
victs for the next two years, the probate judge enters into a contract
with a certain person for the hire of the county convicts, the contract to
terminate on the 1st day of June, 1897, there was conferred by such
order no authority to hire a person convicted on May 4, 1897 ; and if
upon the sentence of a person convicted at such time, he is delivered
to the hirer under said contract, he is entitled to be discharged upon
a writ of *habeas corpus*.

The proceedings in this case were had upon a petition filed by Eugene Shortridge for a writ of *habeas corpus*, directed to one A. P. Howison, looking to the discharge of the petitioner. The facts of the case are sufficiently stated in the opinion.

Upon the hearing, the probate judge declined to grant the writ of *habeas corpus;* and the petitioner renews his application for the writ in this court.

W. S. CARY, for petitioner, cited *Ex parte Metcalfe*, 75 Ala. 42 ; *Ex parte Crews*, 78 Ala. 457 ; *Ex parte White*, 81 Ala. 80 ; *Ex parte Small*, 81 Ala. 85 ; *Ex parte Buckalew*, 84 Ala. 460.

WILLIAM C. FITTS, Attorney-General, for the State.

HEAD, J.—Section 4594 of the Code of 1886 provides that the court of county commissioners shall at their first term held in each year, or as soon thereafter as practicable, determine whether the convicts sentenced to hard labor shall be employed in laboring on the public works of the county, or shall be let to hire, and their decision shall be duly entered on the records of such court, but may be changed by the court at any subsequent term.

Section 4598 provides that should the court of county commissioners determine to let convicts, or any part of them, to hire, they may do so by themselves, or by some other member of their body, or other person to be appointed by them.

On May 4, 1897, the petitioner, Eugene Shortridge, was duly convicted in the circuit court of Bibb county of the offense of perjury, and sentenced to perform hard labor for the county for the period of two years as punishment, and an additional period of one hundred and twenty-eight days to pay the costs of prosecution.

At the February term, 1895, of the commissioners' court of Bibb county (which was the first term in that year), that court made and entered on its minutes an order authorizing M. Y. Hays, judge of probate, to hire out the county convicts for the next two years, as in his discretion he might deem best.

Acting under the authority, or supposed authority, of this order and no other, the said Hays, as judge of probate, on the 1st day of June, 1895, entered into a con-

tract with the respondent, Howison, by which he hired to the latter all the convicts theretofore convicted or thereafter to be convicted—the contract to terminate on the 1st day of June, 1897.

The petitioner, by reason of his conviction and sentence aforesaid, was by the sheriff delivered to the said Howison as his hirer under said contract, and Howison detained him thereunder, and by virtue of no other authority, at the time the petition for the writ of *habeas corpus* was presented in this cause.

It is unquestionable, of course, that without the authority of the court of county commissioners, entered upon its record as required by section 4594 of the Code, a judge of probate has no authority to hire out the petitioner, or any other convict. It is essential to the validity of any contract of hire of a convict sentenced to hard labor for the county, and of his detention under such a hiring, that said section of the Code be substantially complied with. That the order made by the court of county commissioners in this case, in February, 1895, did not authorize the hiring of a convict convicted and sentenced May, 1897, seems too plain for argument. The commissioners' court is required to determine each year, at its first term, or as soon thereafter as practicable, what shall be done with the convicts whom it may be their duty to dispose of during the ensuing year. Such convicts, when hired under proper authority, may be hired for one or more years in pursuance of section 106 of the act to regulate the management of State and county convicts, approved February 18, 1895, (Acts, 1894-95, p. 849), but the hirings which take place each year must be had in pursuance of a determination by the commissioners' court that year, as required by said section of the Code, declaring the purpose of the court to let the convicts to hire.

In the present case, the order of the commissioners' court, giving it the most liberal construction, only authorized the judge to hire the convicts for two years, and conceding the validity of this order, it conferred no authority to hire a person convicted more than two years after the order was made.

The judgment of the judge of probate refusing to discharge the petitioner was erroneous, and a writ of *habeas corpus* will be issued from this court to the respondent,

[Wilson v. The State.]

Howison, as prayed for, unless upon being advised of this opinion he shall discharge the petitioner from his custody, or unless the petitioner shall be content to renew his application before a judge of original jurisdiction.

*Habeas corpus* granted.